# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6116 | **DATE** | 10/8/2002 |
| **CASE TITLE** | JOEL GREENBERG vs. BROAD CAPITAL ASSOCIATES, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion to dismiss is denied. Defendant shall answer the complaint by October 18, 2002. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne R. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | OCT 09 2002 | | 13 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 10/8/2002 | | |
| CB | courtroom deputy's initials | | date mailed notice | | |
| | | | PW | | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

OCT 0 9 2002

| | | |
|---|---|---|
| JOEL GREENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 6116 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| BROAD CAPITAL ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Joel Greenberg initially filed this action against Broad Capital Associates, Inc. ("BCA") in the Circuit Court of Cook County, claiming breach of contract (Count I), unjust enrichment (Count II), accounting (Count III), and conversion (Count IV). BCA removed the action to this court based on diversity jurisdiction. BCA now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitations.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). In January 1995, Greenberg contacted BCA to borrow $1,800,000. BCA agreed and forwarded $1,800,000 to Greenberg. Greenberg claims two letters "memorialized" the loan: (i) a January 23, 1995 letter he wrote to BCA, confirming the terms of the loan; and (ii) a *Shtar Iska*, a Jewish religious explanation of interest and profit, which Greenberg signed. Compl. Ex. Group 1.

1

The agreement provided for a repayment period of one year at 8% interest. For collateral, Greenberg provided 513,167 shares of Incomnet, then a publicly held corporation traded on the NASDAQ. When Greenberg transferred the shares, the stock was worth at least $5,000,000. The parties agreed BCA would hold the stock until (i) Greenberg repaid the loan or (ii) if the price fell below $5 per share and Greenberg failed to pay additional margin or post additional securities. Immediately after receiving the shares, however, BCA sold the stock. BCA did not advise Greenberg of the sale and did not remit the excess proceeds to him.

In October 1995, the price of Incomnet fell below $5 per share, and BCA informed Greenberg of his failure to post additional collateral. BCA notified Greenberg that because the loan was immediately due and payable, BCA "previously disposed of [the] collateral subject to [BCA's] obligation to repurchase and return the collateral upon . . . repayment of the loan." Compl. at ¶ 8. BCA offset Greenberg's obligation to repay the loan against BCA's obligation to return the collateral.

In 1995, Greenberg asked BCA for the sale price of the stock, but BCA falsely replied the stock was sold for $3.75 a share. In 1998, Greenberg learned BCA misrepresented the date and sale price of the Incomnet stock. Greenberg claims BCA breached the agreement by selling the stock, failing to remit the excess proceeds, and concealing the existence of the overage. Greenberg alleges he complied with all conditions of the agreement and claims damages in the amount equal to BCA's proceeds of the Incomnet stock sale, less the amount of his outstanding $1,800,000 loan and accrued interest.

2

## DISCUSSION

### I. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Fed. R. Civ. P. 10(c). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir.1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss is appropriate to determine whether a complaint, on its face, is barred by a statute of limitations. *Tregenza v. Great Am. Communications*, 12 F.3d 717, 719 (7th Cir. 1993). A motion to dismiss based upon an expired statute of limitations must be denied "unless the plaintiff's allegations clearly indicate that the action is untimely." *Schacht v. Baccala & Shoop Ins. Serv.*, 1993 WL 469909, at *4-5 (N.D. Ill. 1993).

### II. Choice of Law

A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Therefore, this court applies Illinois choice of law rules to this case. Illinois applies the law of the state where the injury occurred for substantive issues and the law of the forum state for procedural issues. *Humanes v. General Elec. Transp. Services, Inc.*, 2000 WL 1029127, at *2 (N.D. Ill. 2000), *citing Macias v. Inland Steel Company*, 147 Ill. App. 3d 411 (1st Dist. 1986). Statute of limitation questions are procedural in Illinois. *Id., citing Kalmich v. Bruno*, 553 F.2d 549, 553 (7th Cir. 1977). Thus, Illinois law applies to the statute of limitation questions presented.

3

## III. Statute of Limitations

### A. Breach of Contract (Count I)

Under Illinois law, contract actions may be subject to two different statutes of limitations. The statute of limitations for written contracts is ten years. 735 ILCS 5/13-206. "[A]ctions on unwritten contracts, expressed or implied . . . or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205.

Illinois courts strictly interpret the meaning of a written contract to resolve statute of limitations issues. *Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist. 1990). "A contract is considered written for purposes of the statute of limitations if all essential terms are reduced to writing and can be ascertained from the instrument itself. . . . If parol evidence is necessary to make the contract complete, then the contract must be treated as oral for purposes of the statute of limitations." *Held v. Held*, 137 F.3d 998, 1001 (7th Cir. 1998), *citing Toth v. Mansell*, 207 Ill.App.3d 665, 669, 566 N.E.2d 730, 733 (1990).

BCA argues Greenberg's alleged breach arises not from the written documents, but by operation of law or from an oral agreement. Parol evidence would therefore be essential according to BCA. Specifically, BCA argues that its alleged failure to remit excess proceeds of the stock sale constituted the alleged breach of a term not mentioned in Greenberg's attached writings. However, the gravamen of Greenberg's complaint is not BCA's failure to remit, but its unauthorized sale of Greenberg's collateral, contrary to the express terms of the January 23, 1995 letter.

4

BCA claims Greenberg's attached writings do not contain all essential elements of the contract and should be treated as an oral contract, subject to Illinois' five-year statute of limitations. BCA maintains the attached writings lack terms such as Greenberg's payment schedule, termination of the agreement, or the issue of excess proceeds should BCA sell the stock. Greenberg's attached writings, however, include the identities of the parties to the agreement, their respective obligations, the consideration provided for the parties' promises, and the terms of collateral. These essential terms evidence the existence of a written agreement. *Clark v. Robert W. Baird Co., Inc.*, 142 F.Supp.2d 1065, 1075 (N.D. Ill. 2001); *Estate of Garrett v. Garrett*, 24 Ill.App.3d 895, 898, 322 N.E.2d 213, 215 (2d Dist. 1975) (writings that include parties to agreement, nature of transaction, amount in question, and intention to repay debt constitute "other evidence of indebtedness in writing" subject to ten-year statute of limitations). Accordingly, Greenberg's attached writings can be construed as a written contract, subject to the ten-year statute of limitations.

Under Illinois law, an action for breach of contract accrues when the breach of contractual duty occurs. *Ind. Ins. Co. v. Machon & Machon, Inc.*, 324 Ill. App. 3d 300, 753 N.E.2d 442, 445 (1st Dist. 2001). Greenberg's case accrued in early 1995 when BCA allegedly sold his stock in the alleged breach of its contractual duty. Because Greenberg filed this lawsuit within ten years, Count I is not barred by the statute of limitations.

## B. Unjust Enrichment, Accounting, and Conversion (Counts II, III, and IV)

The Illinois statute of limitations provides a five-year period for claims of unjust enrichment, accounting, and conversion. 735 ILCS 5/13-205. BCA argues Greenberg's claims are time barred because they accrued in 1995, when BCA allegedly sold the Incomnet shares. Greenberg maintains his claims are timely because he did not discover the unauthorized stock sale until 1998.

5

Illinois courts apply the discovery rule to the five-year limitations period in 735 ILCS 5/13-205 for contract actions and torts arising out of contractual relationships. *Horbach v. Kaczmarek*, 915 F. Supp. 18, 24 (N.D. Ill. 1996), *citing Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill.2d 72, 651 N.E.2d 1132, 1135 (1995). The discovery rule delays commencement of the statute of limitations until a plaintiff knows or reasonably should know that he has suffered a wrongful injury. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill.2d 72, 651 N.E.2d 1132, 1135 (1995). Although the rule has been applied to tort and contract claims, Illinois courts "are more concerned with whether the underlying facts support application of the discovery rule than how the action was characterized." *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill.2d 72, 651 N.E.2d 1132, 1136 (1995).

On October 30, 1995, BCA informed Greenberg of the prior undisclosed sale of Incomnet. BCA stated:

> Because the price of Incomnet stock fell below $5 a share last Thursday, we were entitled to additional collateral, which you failed to post. The loan was therefor [sic] immediately due and payable. We previously disposed of your collateral subject to our obligation to repurchase and return the collateral upon your repayment of the loan. We are offsetting your obligation to pay the loan against our obligation to return the collateral.

Comp. Ex. 2. BCA argues Greenberg's claims accrued in 1995 when its letter advised Greenberg the stock was sold.[1] Greenberg claims BCA deceptively suggested that the sale of his stock had just occurred when the price fell "last Thursday" and Greenberg failed to post additional collateral.

---

[1] In addition to its arguments in opposition to the discovery rule, BCA maintains the fraudulent concealment statute applies, but does not extend any limitation period to Greenberg's claims. Because BCA first raises the issue of fraudulent concealment in its reply brief, the court will not address it. Ruffino v. Sheahan, 61 F.Supp.2d 764, 766 (N.D. Ill. 1999), *citing United States v. Hughes*, 970 F.2d 227, 235 (7th Cir. 1992) ("arguments raised for the first time in a reply brief are waived").

Greenberg argues BCA fostered the false impression that a wash had occurred by stating BCA would offset Greenberg's obligation to repay the loan against its own obligation to return the collateral. In addition, when Greenberg requested from BCA the sale price of his stock, BCA allegedly misinformed him it sold the stock for $3.75 per share. Greenberg claims he did not discover BCA lied to him about the actual date and price of the Incomnet stock sale until 1998.

Viewing all allegations in the complaint as true and drawing all reasonable inferences in his favor, Greenberg did not know nor should he reasonably have known of BCA's alleged wrongful conduct in 1995. BCA's October 30, 1995 letter could have reasonably misled Greenberg regarding the disposition of his collateral. Further, when Greenberg inquired into the specifics of the sale, BCA allegedly lied about the date and price of the sale. Thus, the discovery doctrine tolls commencement of the statute of limitations until 1998, the year Greenberg learned of BCA's alleged wrongful conduct. Because Greenberg filed this case in 2002, BCA has failed to establish that Greenberg's claims of unjust enrichment, accounting, and conversion are barred by the five year statute of limitations.

## CONCLUSION

BCA has failed to establish as a matter of law that Greenberg's claims are untimely under Illinois law. Accordingly, the motion to dismiss is denied.

October 8, 2002

ENTER:

Suzanne B. Conlon
United States District Judge